UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIRGIL DANILA,

        Plaintiff,

   v.

RAMAN KHANNA,

        Defendant.

CASE NO. C18-0902RSM

ORDER GRANTING MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss. Dkt. #8. Defendant argues that Plaintiff's claims should be dismissed in their entirety, with prejudice, because Defendant has sovereign immunity, Plaintiff failed to properly exhaust his administrative remedies, and Plaintiff fails to state a claim upon which relief may be granted. *Id.* Plaintiff opposes the motion. Dkt. #9. For the reasons discussed below, Plaintiff's claim will be dismissed.

## II. BACKGROUND

On May 16, 2018, Plaintiff filed a complaint in the small claims division of the King County District Court, seeking $1000 in damaged for the destruction of his documents. Dkt. #1-3. The complaint arises out of an October 13, 2017, meeting between Plaintiff and Defendant. *Id.* Defendant Khanna is the Constituent Services and Outreach Coordinator for Congresswoman

ORDER
PAGE - 1

Pramila Jayapal, U.S. Representative for the seventh congressional district of Washington. Dkt. #1 at ¶ 2. In that capacity, Mr. Khanna routinely interacts with constituents as Congresswoman Jayapal's representative. *Id.* at ¶ 3. According to Plaintiff, he sought assistance from the Congresswoman and met with Mr. Khanna "to present the case of two U.S. Postal workers in Seattle . . . who [allegedly] committed illegal acts against [him]." Dkt. #1-3 at 2. According to Plaintiff, those postal workers refused to deliver his passport and other documents in 2007 and 2008. *Id.* Plaintiff asserts that he sought Mr. Khanna's assistance by asking him to scan documents related to his allegations and deliver them to the Post Office. Dkts. #1-3 and #9. He asserts that he provided Defendant with three envelopes of original documents and other evidence that were susbsequently destroyed instead of being returned to him. *Id.* Plaintiff alleges that "Mr. Raman [Khanna] deliberately destroyed all of the documents." Dkt. #1-3. He seeks $1,000.00 in damages for the emotional distress he suffered upon learning his documents had been shredded.

On June 19, 2018, Defendant removed the complaint to the United States District Court for the Western District of Washington. Dkt. #1. The instant motion followed.

### III.  DISCUSSION

**A.  Legal Standards**

*1.  Motions for Lack of Jurisdiction under 12(b)(1)*

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id.* Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the

suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

   *2. Motion to Dismiss under 12(b)(6)*

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

**B. Jurisdiction**

The Court first addresses Defendant's argument that this Court lacks subject matter jurisdiction to hear Plaintiff's claim because it is barred by the doctrine of sovereign immunity. Dkt. #8 at 3-6. Unless the government waives its immunity, claims for monetary damages against the federal government are barred by sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980). Suits against government officials in their official capacity are suits against the government, and are therefore barred by sovereign immunity. *Balser v. Dept. of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). However, in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388,

91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the Supreme Court recognized the right to collect monetary damages for constitutional violations perpetrated by government officials, where the official was sued in his or her individual, rather than official, capacity. *See Bivens*, 403 U.S. at 390-91; *see also Balser*, 327 F.3d at 907-09 (clarifying the 'individual capacity' component).

Although not clear in his Complaint, Plaintiff asserts in response to the instant motion that he is suing Defendant in his individual capacity, rather than in his official capacity, because he acted outside the scope of his employment in destroying Plaintiff's documents. Dkt. #9 at 2. However, the basis of a *Bivens* action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. *See Davis v. Passman*, 442 U.S. 228, 241-44, 60 L. Ed. 2d 846, 99 S. Ct. 2264 (1979). Plaintiff fails to allege any constitutional violation on the part of Defendant, and the other actions identified by Plainitff were taken within Defendant's official capacity as the Constituent Services and Outreach Coordinator for Congresswoman Jayapal. *See* Dkt. #1-3.

Accordingly, to the extent that Plaintiff alleges any claim based on Defendant's actions within his official capacity, the claim is barred by the doctrine of sovereign immunity. With respect to any action taken by Defendant in his individual capacity, Plaintiff fails to state any legal authority, constitutional or otherwise, providing a basis for his claim. For those reasons, the Complaint must be dismissed.

Based on this decision, the Court need not address Defendant's alternate bases for dismissal of the claim, or Plaintiff's other arguments in response to the motion.

**C. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured

ORDER
PAGE - 4

by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). The Court declines to grant such leave in this case. The Court concludes that granting leave to amend the dismissed claims would be futile given the Court's lack of jurisdiction over any claim against Defendant in his official capacity, and given that the Court is unaware of any constitutional or other legal violation that may be alleged for the destruction of Plaintiff's documents under the circumstances of this matter.

## IV. CONCLUSION

Having reviewed Defendant's motion, the response thereto, and the remainder of the record, the Court hereby ORDERS that Defendant's Motion to Dismiss (Dkt. #8) is GRANTED and this matter is now CLOSED.

DATED this 27th day of July 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE